IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BLAKE SANDLAIN,

    Plaintiff,

v.                            CIVIL ACTION NO. 1:23-00127

FCI MCDOWELL WARDEN,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Eifert submitted to the court her Proposed Findings and Recommendation ("PF&R") on March 14, 2024, in which she recommended that the court grant defendant's request for dismissal, dismiss Sandlain's petition for writ of habeas corpus under 28 U.S.C. § 2241, and remove this case from the court's active docket.

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court.  Snyder v.

Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Plaintiff timely submitted objections to the PF&R.  See ECF No. 15.

Sandlain, formerly incarcerated at Federal Correctional Institution ("FCI") McDowell, filed the instant petition in response to an FCI McDowell bulletin regarding Homemade Intoxicants.  That bulletin, dated February 10, 2023, purported to impose restrictions on the purchase of commissary items if homemade intoxicants were found in common areas.

Magistrate Judge Eifert recommended that Sandlain's petition be dismissed because:  1) he failed to exhaust his administrative remedies; 2) it fails to state a cognizable habeas claim; and 3) it is moot.

"As a general rule, in the absence of exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent . . . courts require exhaustion of alternative remedies before a prisoner can seek habeas relief." Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010) (internal quotations omitted); see also United States v. Wilson, 503 U.S. 329, 325 (1992) ("Federal regulations have afforded prisoners administrative review of the computation of their credits . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies[.]") (emphasis added).  Section 2241 does not contain a statutory mandate that administrative remedies be exhausted, however,

courts have judicially imposed such a requirement.  See Jaworski v. Gutierrez, 509 F. Supp. 2d 573, 578 (N.D.W. Va. 2007) ("[T]he exhaustion requirement in habeas corpus actions arising under § 2241 . . . has no statutory mandate, but rather is judicially imposed."); Taylor v. Lue, Civil Action No. 7:19CV486, 2020 WL 5807995, at *3 (W.D. Va. Sept. 29, 2020) ("Although § 2241 does not contain a statutory exhaustion requirement, courts require petitioners to exhaust their administrative remedies prior to seeking habeas review under § 2241.").  Courts within the Fourth Circuit have consistently required litigants to exhaust their alternative remedies before bringing Section 2241 claims.  See Timms, 627 F.3d at 533 (dismissing habeas claim under § 2241 for failure to exhaust); McClung v. Shearin, No. 03-6952, 90 F. App'x 444, 445 (4th Cir. Feb. 6, 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.").

Requiring exhaustion promotes the "'important considerations of federal court efficiency and administration.'" Timms at 531 n.5 (quoting Moore v. United States, 875 F. Supp. 620, 624 (D. Neb. 1994)).  Only in "'exceptional circumstances'" should exhaustion be waived, id. at 530-31 (quoting Bowen v. Johnson, 306 U.S. 19, 27 (1939)), such as when the administrative remedy process would be futile.  See Jaworski, 509 F. Supp. 2d at 578; see also Hairston v. Wilson,

1:13cv126(TSE/IDD), 2013 WL 12149685, at *2 (E.D. Va. Feb. 5, 2013) ("It is true that, in rare cases, § 2241 habeas petitioners have been excused from the exhaustion requirement if they can show that proceeding through the administrative remedy process undoubtedly would be an exercise in futility that would serve no useful purpose.")  .

In her PF&R, Magistrate Judge Eifert explained "that there is no conceivable way that Sandlain could have exhausted his administrative remedies, or could have been 'thwarted' in doing so," because he filed his petition "a mere two days" after the Inmate Bulletin was posted at FCI McDowell.  ECF No. 14 at 8. In his objections, Sandlain does not discuss the PF&R's findings and recommendation regarding exhaustion at all.

The court agrees with Magistrate Judge Eifert that Sandlain was required to exhaust his administrative remedies before filing the instant petition and that he has not explained why doing so would be futile or suggested that exceptional circumstances exist here to excuse his failure to exhaust.  As this issue is dispositive, the court does not reach plaintiff's objections to the other recommended grounds for dismissal and they are **OVERRULED** as moot.  See, e.g., Rhodes v. McFadden, C/A No.:  5:19-cv-3231-SAL, 2023 WL 2366567, at *1 (D.S.C. Mar. 6, 2023) ("After a thorough review of the record, the Report, Rhodes' objections, and the relevant case law, the court finds

4

that Rhodes failed to exhaust his administrative remedies.  As a result, the court need not reach the merits of Rhodes' claim because exhaustion is a precondition to filing suit in federal court.") (cleaned up).

For the reasons explained herein, the court adopts the Findings and Recommendation of Magistrate Judge Eifert as follows:

1.    Defendant's request for dismissal is **GRANTED**;

2.    Plaintiff's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED**; and

3.    The Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing

5

standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 24th day of March, 2026.

ENTER:

David A. Faber
Senior United States District Judge

6